UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSEMARY RADOSTA                                    CIVIL ACTION

VERSUS                                              NO: 14-0500

LORILLARD TOBACCO CO., ET AL.                       SECTION: "A" (3)

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 3)** filed by plaintiffs Dale
Radosta, et al. Defendant Lorillard Tobacco Company opposes the motion (Rec. Doc. 8). The
motion, noticed for submission on March 26, 2014, is before the Court on the briefs without
oral argument.[1] For the reasons that follow, the motion is GRANTED.

## I.    BACKGROUND

Rosemary Radosta filed this action in state court against several defendants seeking
recovery for the mesothelioma that she had developed. Ms. Radosta passed away in
December 2013 and her sons were then substituted as plaintiffs. After the close of discovery,
Defendant Lorillard Tobacco Co. ("Lorillard") removed the case to federal court alleging that
the in-state defendants to this action had been fraudulently or improperly joined.

Plaintiffs now move to remand the case to state court. Plaintiffs do not take issue
with the allegations of improper joinder, *i.e.*, they do not dispute the contention that they
have no evidence to support their claims against the non-diverse defendants. Rather,
Plaintiffs argue that the removal was untimely and they move for remand on that basis.

---

[1] Oral argument has been requested but the parties' memoranda are more than adequate
to address the issues presented.

## II.   <u>LAW AND ANALYSIS</u>

Title 28 U.S.C. § 1446 governs the procedural aspects of removal, including timeliness. Because this case began in state court with Louisiana citizens on both sides, complete diversity of citizenship was lacking. The case stated by the "initial pleading" was therefore not removable, which means that removal is governed by § 1446(b)(3). Section 1446(b)(3) provides that

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of ***an amended pleading, motion, order, or other paper*** from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b)(3) (West Supp. 2013) (emphasis added). Thus, pursuant to the foregoing plain language of § 1446(b)(3), the timeliness of the removal in this case turns on whether Lorillard can establish that it received a copy of "an amended pleading, motion, order, or other paper" from which it could "first be ascertained" that the case was removable, *i.e.*, that the non-diverse defendants were improperly joined.  Lorillard filed its notice of removal on March 6, 2014 so the "other paper" upon which it relies for starting the 30 day removal period must have been received by Lorillard no earlier than February 4, 2014.

The "other paper" that Lorillard relies upon are transcripts of the discovery depositions of Rosemary Radosta's sons who were substituted in as plaintiffs after her death. According to Lorillard, the information that it had regarding the claims against the in-state defendants was equivocal prior to those depositions. (Rec. Doc. 8 at 4, Lorillard Opposition). The sons' depositions were completed on February 6, 2014, and Lorillard argues that it was on this date at the earliest when it became unequivocally clear and certain that Plaintiffs had no evidence to support their claims against the non-diverse defendants.

The Court has reviewed the sons' depositions and in light of the content of those

depositions finds Lorillard's arguments regarding the probative value of the testimony to be without merit. The depositions are bereft of any concrete or reliable evidence whatsoever regarding the viability of the claims against any defendant in this case much less the non-diverse ones. The sons were substituted in as plaintiffs to carry on in Ms. Radosta's place after her passing so as to be expected they knew less than she did about her father's (their grandfather's) various workplaces and possible exposure to asbestos a half century ago. The Court is not suggesting that Ms. Radosta's deposition started the removal clock—it clearly did not given that Plaintiffs were continuing to file pleadings that included claims against the non-diverse defendants and given that the discovery cutoff date had yet to expire. But what is unequivocally clear is that the sons' depositions contain nothing that confirmed the improper joinder of the non-diverse defendants, much less anything such that those depositions could fairly be characterized as something that allowed Lorillard to *first ascertain* that the case was removable.

Because the sons' transcripts are the only "other paper" that Lorillard points to during the 30-day window preceding removal, and because those transcripts fail from a substantive standpoint to shed any light on the viability of the claims against any defendant, the Court concludes that the case was not timely removed.[2]

Accordingly, and for the foregoing reasons;

---

[2] The Court expresses no opinion regarding when during the course of the litigation the 30 day removal period did begin to accrue. Lorillard clearly had actual, subjective knowledge that Plaintiffs could not establish a claim against the in-state defendants once the discovery cut-off date expired. (Rec. Doc. 1, Lorillard Notice of Removal ¶¶ 3, 5). But § 1446(b)(3) does not employ a subjective standard and it requires a voluntary act by the plaintiff. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). The Court recognizes that Lorillard's dilemma was the language in § 1446(b)(3) that expressly requires "other paper," not simply the expiration of certain pretrial deadlines and certainty regarding a failure of proof. But again, there must be a connection between the specific "other paper" that the defendant points to and the ability to determine in the first instance that the case has become removable. It is this connection that is wholly absent in this case.

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 3)** filed by plaintiffs Dale Radosta, et al. is **GRANTED.** This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

April 24, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE